Abran E. Vigil
Nevada Bar No. 7548
Lindsay Demaree
Nevada Bar No. 11949
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone:  702.471.7000
Facsimile:   702.471.7070
vigila@ballardspahr.com
demareel@ballardspahr.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A., incorrectly named as Chase Bank, National Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH BORDONARO,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BANK, NATIONAL ASSOCIATION; ONEWEST BANK, NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION; FRANKLIN CAPITAL FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SERVICES, INC.<br><br>    Defendants. | CASE NO.  2:16-cv-00961-GMN-NJK<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE HANDLING AND USE OF CONFIDENTIAL INFORMATION**<br><br>as amended on page 11 |

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information that may warrant special protection from public disclosure and from use for any purpose other than prosecuting this litigation.  Accordingly, the undersigned parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

DMWEST #14794874 v1

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule IA 10-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

    2.1    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3    **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    **House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
702.471.7000 FAX 702.471.7070

DMWEST #14794874 v1

2.9 **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the

Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony or argument given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony within 30 days of receiving the transcript, or within 30 days of entry of this Stipulated Protective Order, whichever is later. Designations may be made on the record, before the close of the deposition, hearing, or other proceeding, or by letter to counsel of record. During the 30 day period, the entire deposition transcript shall be treated as confidential; if no confidential designations are made within the 30 day period, the entire transcript shall be considered non-confidential.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    **Inadvertent Failures to Designate.**    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    **Timing of Challenges.**    A Party or Non-Party must challenge a designation of confidentiality within 30 days of receiving Protected Material.

6.2    **Meet and Confer.**    The Challenging Party shall initiate the dispute

BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
702.471.7000 FAX 702.471.7070

DMWEST #14794874 v1

resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

7

BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
702.471.7000 FAX 702.471.7070

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and,

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by

8

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within

9

1  14 days of receiving the notice and accompanying information, the Receiving Party
2  may produce the Non-Party's confidential information responsive to the discovery
3  request. If the Non-Party timely seeks a protective order, the Receiving Party shall
4  not produce any information in its possession or control that is subject to the
5  confidentiality agreement with the Non-Party before a determination by the court.
6  Absent a court order to the contrary, the Non-Party shall bear the burden and expense
7  of seeking protection in this court of its Protected Material.

8  **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
10 Protected Material to any person or in any circumstance not authorized under this
11 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
12 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to
13 retrieve all unauthorized copies of the Protected Material, (c) inform the person or
14 persons to whom unauthorized disclosures were made of all the terms of this Order,
15 and (d) request such person or persons to execute the "Acknowledgment and
16 Agreement to Be Bound" that is attached hereto as Exhibit A.

17 **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
18 **PROTECTED MATERIAL**

19 When a Producing Party gives notice to Receiving Parties that certain
20 inadvertently produced material is subject to a claim of privilege or other protection,
21 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
22 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
23 may be established in an e-discovery order that provides for production without prior
24 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
25 parties reach an agreement on the effect of disclosure of a communication or
26 information covered by the attorney-client privilege or work product protection, the
27 parties may incorporate their agreement in the stipulated protective order submitted to
28 the court.

BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
702.471.7000 FAX 702.471.7070

DMWEST #14794874 v1

12. **MISCELLANEOUS**

    12.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 **Filing Protected Material.** ~~Any Party intending to make a court filing containing Protected Material or information derived therefrom shall notify the other Parties that it intends to do so, and shall provide the other Parties with a description of the Protected Material or information derived therefrom that it intends to include as part of the filing. Any other Party may request that the Party intending to make the filing containing Protected Material or information derived therefrom move for an order that the Protected Material or information derived therefrom be filed under seal. In the event such a request is made, the Party intending to file the Protected Material or information derived therefrom shall move in accordance with Local Rule 10-5 for an order to file under seal, after conferring in good faith with the Party that requested such motion as to the grounds for filing under seal. No Party shall make a court filing containing Protected Material or information derived therefrom without first complying with this subparagraph.~~

[Margin note: See order issued concurrently herewith]

    12.4 **Presenting Protected Material at Hearings or Trial**. Any Party intending to present at a hearing or trial Protected Material or information derived therefrom shall notify the other Parties that it intends to do so, and provide the other Parties with a description of the Protected Material or information derived therefrom that it intends to present. Upon motion of any Party, or at its own discretion, the court may make orders as necessary to govern the use of such Protected Material or information derived therefrom, such as orders requiring that Protected Material or information

derived therefrom be submitted in camera or that the hearing or trial, or any portion thereof, be held in camera. No Party shall present at a hearing or trial Protected Material or information derived therefrom without first complying with this subparagraph.

13. **FINAL DISPOSITION**

A. Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

*[Continued on following page.]*

DMWEST #14794874 v1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  September 29, 2016.                    DATED  September 29, 2016.

__/s/ David Krieger_____                 ___/s/ Joseph Sakai_____
David H. Krieger                              Abran E. Vigil
Haines & Krieger, LLC                         Lindsay C. Demaree
8985 S. Eastern Avenue, Suite 350             Joseph P. Sakai
Henderson, NV 89123                           Ballard Spahr LLP
                                              100 City Parkway, Suite 1750
                                              Las Vegas, NV 89106

*Attorney for Plaintiff Joseph Bordonaro*

*Attorneys for Defendant JPMorgan Chase Bank, N.A., incorrectly named as Chase Bank, National Association*
"

**ORDER**

IT IS SO ORDERED.

_____
United States         /Magistrate Judge

DATED: September 30, 2016

13

DMWEST #14794874 v1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for Nevada on [date] in the case of *Joseph Bordonaro v. Chase Bank, National Association et al.*, Case No. 2:16-cv-00636-RFB-GWF (D. Nev.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DMWEST #14794874 v1